UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 4, 2024

MEMORANDUM TO COUNSEL RE:  Kurt Nielsen v. Pharmaceutics International, Inc.
Civil Action No. GLR-23-3327

Dear Counsel:

Pending before the Court is Plaintiff Kurt Nielsen's Motion to Remand (ECF No. 8).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion.

**Background**

In March 2022, Plaintiff Kurt Nielsen, then CEO of Defendant Pharmaceutics International, Inc. ("PII"), terminated his employment for "Good Reason," as defined by the terms of his Employment Agreement. (Compl. ¶¶ 21–22, ECF No. 2). On December 1, 2023, Nielsen filed a Complaint for Breach of Contract and Violation of Maryland Wage Payment and Collection Law against PII in the Circuit Court for Baltimore County, seeking over $650,000 in wages allegedly owed to him by his former employer. (Id. ¶¶ 1, 23–26). On December 7, 2023, PII removed the action to this Court. (ECF No. 1). On December 21, 2023, Nielsen filed a Motion to Remand. (ECF No. 8). PII filed an Opposition on January 4, 2024, (ECF No. 9), and Nielsen filed a Reply on January 18, 2024, (ECF No. 10).

**Standard of Review**

A defendant may remove a state court action to federal court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions that arise under federal law, 28 U.S.C. § 1331, or have an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship, 28 U.S.C. § 1332(a).

A party seeking removal carries the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." Goucher Coll. v. Cont'l Cas. Co., 541 F.Supp.3d 642, 647 (D.Md. 2021) (quoting Richardson v. Phillip Morris Inc., 950 F.Supp. 700, 702 (D.Md. 1997)). Accordingly, if federal jurisdiction is

---

[1] Also pending before the Court is PII's Partial Motion to Dismiss (ECF No. 11). Because the Court will remand this case to state court, the Court will deny this Motion as moot.

1

doubtful, the Court should grant a motion to remand. Mulcahey, 29 F.3d at 151.

**Analysis**

To begin, this Court would have original jurisdiction over this action under 28 U.S.C. § 1332(a). Complete diversity of citizenship exists between the parties—Nielsen is a citizen of Pennsylvania, and PII is a Delaware corporation with its principal place of business in Maryland— and the amount in controversy exceeds $75,000. (Notice of Removal ¶¶ 3–4, ECF No. 1). In the Motion to Remand, however, Nielsen argues that removal is prohibited under 28 U.S.C. § 1441(b)(2), the "forum defendant rule," which precludes removal by a defendant that is a citizen of the forum state. (Mem. Law Supp. Mot. Remand ["Mot."] at 1, ECF No. 8-1). In response, PII argues that the forum defendant rule does not bar removal because under the statute's plain language, a forum defendant may remove an action between diverse litigants to federal district court prior to service of process. (Def.'s Opp'n Pl.'s Mot. Remand ["Opp'n"] at 1, ECF No. 9). The Court agrees with Nielsen and will remand the case to the Circuit Court for Baltimore County.

The forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). In enacting § 1441(b)(2), Congress sought to prevent gamesmanship by plaintiffs who would block removal "by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014) (alteration in original) (quoting Sullivan v. Novartis Pharm. Corp., 575 F.Supp.2d 640, 645 (D.N.J. 2008)).

When interpreting a statute, courts in the Fourth Circuit apply the "Plain Meaning Rule." Hillman v. I.R.S., 263 F.3d 338, 342 (4th Cir. 2001). Under this rule, the words of a statute are given their plain meaning unless one of two narrow exceptions is met: (1) if literal interpretation of the statutory language leads to a result that is directly at odds with clearly expressed congressional intent; or (2) if literal application of the statutory language "results in an outcome that can truly be characterized as absurd," an outcome "that is so gross as to shock the general moral or common sense." Id. Although the Fourth Circuit has not directly addressed the question, many courts have interpreted the plain language of the forum defendant rule to allow removal by forum defendants who have not yet been "properly joined and served." See Robertson v. Iuliano, No. RDB-10-1319, 2011 WL 453618, at *2 (D.Md. Feb. 4, 2011) (compiling cases). However, the Court finds that literal application of the rule's plain meaning in this case would lead to results that are both absurd and contrary to congressional intent.

It is true, as PII argues, that most U.S. Courts of Appeals to address the question of the propriety of pre-service removal—commonly referred to as "snap removal"—by forum defendants have upheld such removals as permissible under the plain language of § 1441(b)(2). (Opp'n at 4– 5); see Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019); Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3rd Cir. 2018); Tex. Brine Co., LLC. v. Am. Arbitration Ass'n, Inc., 955 F.3d 482, 485–87 (5th Cir. 2020). In the past, judges in the District of Maryland, including this Court, have applied similar reasoning to uphold pre-service removal. (Opp'n at 6–7); see Clawson v. FedEx Ground Package Sys., Inc., 451 F.Supp.2d 731, 735–36 (D.Md. 2006); Robertson, 2011 WL 453618, at *2–3 (finding that application of the plain meaning

of the forum state defendant rule to a case involving pre-service removal would neither produce an absurd result nor contradict congressional intent); Al-Ameri v. Johns Hopkins Hosp., No. GLR-15-1163, 2015 WL 13738588, at *1–2 (D.Md. June 24, 2015) (same).

Despite this, in recent years, the trend among courts in the District of Maryland has been to follow the reasoning of the Court of Appeals for the Eleventh Circuit in Goodwin v. Reynolds, in which the court held that pre-service removal by a forum defendant three business days after the plaintiff filed the case in state court; requested and paid for service of process; and sent the three defendants courtesy copies of the complaint amounted to impermissible gamesmanship that contravened the congressional intent behind the forum defendant rule. 757 F.3d 1216, 1218, 1221 (11th Cir. 2014); (Mot. at 5–8); see, e.g., Caillouet v. Annapolis Yacht Co. LLC, No. ELH-16-1698, 2016 WL 8737484, at *7 (D.Md. Aug. 5, 2016) (finding pre-service removal by forum defendant constituted "gamesmanship and docket trolling that the 'properly joined and served' language in § 1441(b)(2) was designed to prevent"); Medish v. Johns Hopkins Health Sys. Corp., 272 F.Supp.3d 719, 726–27 (D.Md. 2017) (finding that where plaintiffs had not engaged in the form of gamesmanship the forum state defendant rule was intended to prevent and forum defendant removed the case two days after plaintiffs filed in state court, pre-service removal was improper because plaintiffs could not have served defendants prior to removal and allowing pre-service removal would result in absurdity by "cut[ting] against the proposition that plaintiffs are generally permitted to choose their preferred forum"); Alfasigma USA, Inc. v. ExeGi Pharma, LLC, No. TDC-19-1180, 2019 WL 13224973, at *3 (D.Md. Oct. 15, 2019) (finding pre-service removal improper where defendant removed the case hours after summonses were issued "because of the present ability of counsel to monitor the docket electronically," an action "intended specifically to circumvent the requirements of the forum defendant rule"); Teamsters Local 677 Health Servs. & Ins. Plan v. Friedman, No. CCB-18-3868, 2019 WL 5423727, at *3–4 (D.Md. Oct. 23, 2019) (finding pre-service removal five days after plaintiff filed complaint and three days after summonses were issued was improper gamesmanship designed "to exploit an apparent loophole in the forum defendant rule" and that reading the rule to "reward[] docket monitoring" would "def[y] common sense and lead[] to an absurd result contrary to the purpose of the statute"); Billie v. Vallance, No. RDB-21-477, 2021 WL 3725348, at *4 (D.Md. Aug. 23, 2021) (finding pre-service removal improper in part because plaintiff "acted diligently" to serve defendant and "did not sit on her hands or attempt to thwart service"); Kirst ex rel. Erck, 616 F.Supp.3d 471, 477–78 (D.Md. 2022).

Here, this Court joins the growing number of District of Maryland decisions that have condemned the practice of pre-service removal as gamesmanship contrary to the purpose behind the forum defendant rule. Nielsen filed his Complaint with the Circuit Court for Baltimore County on December 1, 2023. (Notice of Removal ¶ 1). Less than one week and only four business days later, on December 7, 2023, PII removed the case to this Court. (Id. at 4). While PII contests Nielsen's assertion that it removed the case in response to Nielsen's email, sent less than an hour before removal, informing PII's counsel of the lawsuit and asking if counsel would accept service on PII's behalf, (Mot. at 1), PII admits that it learned of the suit the day it was filed "through a commonly used reporting service," (Opp'n at 2). As in Billie, there is no reason in this case to believe that Nielsen did not act diligently to serve PII, or that he "sat on [his] hands or attempt[ed] to thwart service." 2021 WL 3725348, at *4. Moreover, although PII removed the case three days after the Clerk of the Circuit Court of Baltimore County issued the Writ of Summons on December 4, 2023, (id.), as opposed to mere hours, as the Court held in Alfasigma, pre-service removal in

this case was, evidently, an action "intended specifically to circumvent the requirements of the forum defendant rule, made possible by "the present ability of counsel to monitor the docket electronically." 2019 WL 13224973, at *3. Accordingly, upholding removal in this case would be to "reward[] docket monitoring" and would lead to an absurd result contrary to the purpose of the forum defendant rule by "cut[ting] against the proposition that plaintiffs are generally permitted to choose their preferred forum." Teamsters, 2019 WL 5423727, at *3–4; Medish, 272 F.Supp.3d at 726–27. In essence, upholding removal would sanction the very "gamesmanship and docket trolling that the 'properly joined and served' language in § 1441(b)(2) was designed to prevent." Caillouet, 2016 WL 8737484, at *7. Removal of this case was therefore improper under 28 U.S.C. § 1441(b)(2).

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 8) is GRANTED. The Motion to Dismiss (ECF No. 11) is DENIED as moot. This case shall be REMANDED to the Circuit Court for Baltimore County. The Clerk is directed to CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge